FORT SMITH LIGHT & TRACTION COMPANY *v.* WARD.

Opinion delivered October 12, 1925.

STREET RAILROADS—REFUSAL OF PERMISSION TO REMOVE TRACKS—EVIDENCE.—In a proceeding by a street railway company to remove its tracks from a street as being unremunerative evidence *held* sufficient to warrant a refusal of permission.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*Hill & Fitzhugh,* for appellant.

*G. L. Grant,* for appellee.

SMITH, J. The Fort Smith Light & Traction Company filed a petition before the Railroad Commission of this State, alleging, in substance, that it was operating a street car system in the cities of Fort Smith and Van Buren and between said cities and outside the limits of each city. That, owing to the increased use of automo-

biles, the street car service as a whole had become unprofitable, and that a line known as the Van Buren local was especially unprofitable and was operated at a constant loss, and it was prayed that the Commission grant it permission to remove a portion of this track. The part which the company desired to abandon extended from the city limits of the city of Van Buren to the plant of the Falcon Zinc & Smelting Company, a distance of 1.08 miles.

Upon the filing of this petition 1,259 citizens and residents of Van Buren filed a remonstrance to the granting of the prayer of this petition and made themselves parties to this proceeding, and it was alleged by them that the line sought to be abandoned was of vital need to the people of the city of Van Buren and of the adjoining country.

At the hearing before the Railroad Commission figures were submitted by the auditor of the traction company showing that the revenue of the company was $244,986.66, and the operating expenses were $205,478.78, leaving a balance of $39,507.88. The valuation of the company's property was then shown, and with this basis of calculation it was made to appear that the company was earning less than two per cent. on the whole investment.

A request was made that the company detail the items included in the operating expenses, but this request was not complied with.

In the matter of the earning power of the company's investment, the same showing was made here as was made in the case of *Ft. Smith Light & Traction Co.* v. *Bourland,* 160 Ark. 1. In fact, the appellant here was the appellant there. In the former appeal the question involved was the right to abandon a portion of the company's track on the Fort Smith side of the river, while the present case involves the right to abandon certain tracks on the Van Buren side of the river.

The company had caused a record to be made and kept showing the operating cost per mile of its different tracks, and from these figures it appears that the portion

of the track which is sought to be abandoned was operated at an actual loss. In addition, the company offered testimony tending to show that the public convenience would not be served by the continued operation of the track in question; that it was proposed by the State Highway Department to improve a portion of the street over which the track runs, and that, if this street were improved and made a part of the State highway system, the track should be abandoned. Testimony opposing this view was offered, and the Railroad Commission declined to grant the permission requested.

An appeal was prosecuted to the circuit court, where the same finding was made, and by this appeal it is sought to reverse that judgment.

The law applicable to the facts stated was declared in the case of *Fort Smith Light & Traction Co.* v. *Bourland, supra,* and the remonstrants insist that the facts in the two cases are substantially similar, and that the decision on the present appeal should therefore be controlled by the former decision.

We have concluded that appellees are correct in this contention, and that the judgment of the circuit court should be affirmed.

Appellant insists that the testimony is substantially different, and that the decision in the Bourland case is not decisive of this appeal.

It is insisted that the testimony in the former case showed that the patronage on the part of the line which it was proposed to abandon would probably increase, whereas no such showing was made in the instant case. There was testimony, however, that, because there was a mountain on one side of Van Buren and the Arkansas River on the other, the future growth of that city would be in the section of the city served by the track which appellant now seeks to abandon.

It is insisted that it appeared in the former case that the maintenance and continued operation of the track sought to be abandoned would serve the public convenience, whereas the testimony here shows that the pub-

lic convenience would be subserved by abandoning the portion of the track in question, and building the improved highway. The testimony shows, however, that, while the proposed improved road is desirable, the route thereof is not the only one available, and that, if it were built, it could not supply the loss of street car service to many people who do not own automobiles.

In the former case the track had been used for twenty years, while in the instant case it was used only about eight years. But in this case, as in that, the track is not a mere lateral but is an extension of the main line. This extension was built in partial consideration of a donation of $2500 made by the Falcon Zinc & Smelting Company, this being a manufacturing plant built at the end of the extended line. It appears that more than 150 men are employed in this plant, only a few of whom own automobiles. It also appears that an addition known as the Rea Addition had been opened up at the end of this line, and that a number of people had bought or built homes there who worked in Fort Smith, and that in doing so they had relied on the street car service to provide means of going to and returning from Fort Smith, where they were employed, and that these people could not reside there and work in Fort Smith if the service were discontinued.

The trial court found, and the testimony supports the finding, that the part of the track sought to be abandoned is only 1.08 miles in length, and is a part of the street railway system of Van Buren, and should be treated as such, and that a sufficient showing was not made to justify the company in abandoning the unprofitable portion thereof.

This finding is affirmed upon the authority of the decision of this court in *Fort Smith Light & Traction Co.* v. *Bourland, supra.*

HART, J., dissents.